(Pleito No. 199.—Fallado el 4 de Junio de 1902.)

## Ríos contra Gutman.

Recurso contra sentencia dictada por la Corte de Distrito de Humacao.

PROPIEDAD EXCLUSIVA. La partición legalmente hecha es lo único que confiere la propiedad exclusiva á cada heredero.

### SENTENCIA.

En la Ciudad de San Juan de Puerto-Rico, á cuatro de Junio de mil novecientos dos, en el expediente seguido en el Tribunal de Distrito de Humacao por Doña Manuela Gutman, viuda de Bustelo y sus hijas Doña María y Doña

Petronila Patricia Ríos y Gutman, sobre información del dominio de varias fincas rústicas; pendiente ante Nos en virtud de recurso de casación por infracción de ley, interpuesto por Doña María Ríos y Gutman, á la que ha representado el Letrado Don Juan F. Vías, habiendo llevado el Abogado Don Rafael López Landrón la representación y defensa de Doña Manuela Gutman, sin que haya comparecido ante esta Corte Doña Petronila Patricia Ríos y Gutman.—Resultando: Que los Abogados Don Rafael López Landrón y Don José Mª Cuadra, el primero en representación de Doña Manuela Gutman, viuda de Bustelo, y el segundo á nombre de las hermanas Doña María Rios y Gutman, viuda de Rubio, y Doña Petronila Patricia, de los mismos apellidos, asistida de su legítimo esposo Don Francisco Noya, presentaron escrito ante el Tribunal de Distrito de Humacao en veinte y seis de Abril del año próximo pasado, solicitando que mediante las pruebas que para su práctica proponían, y de las demás que estimaran convenientes, se declarara en su día justificado el dominio de varios predios rústicos que expresaban, unos pertenecientes á Doña Manuela y otros por mitad proindivisa á sus referidas hijas Doña María y Doña Petronila Patricia; bienes todos libres por completo de cargas y gravámenes, de los cuales no tenían título escrito de dominio, y que habían adquirido á virtud de transacción celebrada entre la madre y las hijas, como componentes de la sucesión de su causante don José Ríos y Berríos, de quien procedían tales bienes, mandando en su consecuencia se inscribieran en el Registro de la Propiedad de aquel Distrito, en los términos propuestos.—Resultando: Que entre otras pruebas aportadas á los autos figura el convenio privado de transacción que firmaron las partes promoventes y sus letrados en la ciudad de Humacao á diez y seis de Enero del año expresado, con los testigos Don Manuel Argüeso y Don Jesús Almiroty; convenio presentado por el abogado de las hermanas Doña María y Doña Petronila Patricia Rios, como titulo de adquisición de los bienes sin

carga alguna, y cuya autenticidad no ha sido impugnada, habiendo declarado sobre la existencia de esa transacción los testigos mencionados.—Resultando: Que en curso el expediente, el Abogado Don José Mª Caudra, en escrito de veinte y nueve de Julio renunció la representación que había venido ostentando de Doña María Rios, cuya representación se tuvo por renunciada en la misma fecha; y habiendo comparecido con esa representación el Letrado Don Juan F. Vías en treinta y uno de Agosto siguiente, solicitó, á nombre de Doña María se aprobase en definitiva el expediente promovido, con declaración expresa de que los bienes adquiridos por Doña Manuela Gutman lo son en concepto de herencia *ab intestato* de su hijo del primer matrimonio, Don José Ríos y Gutman, y que los pertenecientes á las hermanas Ríos y Gutman proceden de la herencia de su difunto padre Don José Mª Ríos y Berríos, denegándose en caso contrario la aprobación solicitada, por no expresarse en el escrito de promoción el verdadero título de adquisición de los bienes adjudicados á Doña Manuela Gutman, viuda de Bustelo, habiendo adicionado la prueba ya propuesta anteriormente. Resultando: Que entre las pruebas suministradas por la representación de Doña María Ríos aparecen la partida de óbito de Don José Mª Ríos y Berríos; las de nacimiento de sus hijas Doña María y Doña Petronila Patricia Ríos y Gutman y de su hijo Don José Mª, de los mismos apellidos; la declaratoria de heredero *ab intestato* de Don José Ríos y Gutman, hecha á favor de su madre Doña Manuela por auto de veinte de Abril de mil ochocientos noventa y dos; testimonios de las hijuelas de Don José Mª Ríos y Berríos en las divisorias de los bienes de sus padres Don José Mª Ríos y Doña Petronila Berríos; copia del testamento de Don José Mª Ríos y Berríos por medio de comisario, y certificación en relación de varios títulos de propiedad de bienes adquiridos por Don José Mª Ríos y Berríos, sin que conste se hayan practicado las operaciones de división y adjudicación de los bienes quedados al fallecimiento de Don José Mª Ríos y

Berríos.—Resultando:   Que el Tribunal de Distrito de Humacao, por auto de diez y seis de Noviembre último estimó que la transacción convenida entre personas capaces sobre materia lícita no sólo es un contrato válido sino que tiene para los otorgantes la autoridad de cosa juzgada, según los artículos 1,809 y 1,816 del Código Civil; que la oposición al expediente de dominio á que se refiere el artículo 395 de la Ley Hipotecaria no puede hacerse por las partes promoventes de dicho expediente, una de las cuales es en el caso de autos Doña María Ríos; que ésta aceptó la transacción invocada como título de dominio de los bienes á que se contrae el expediente y que al Tribunal compete apreciar las pruebas practicadas y las alegaciones deducidas; y en su consecuencia, de conformidad con el Ministerio fiscal, declaró justificado el dominio de los bienes de que se trata en la forma interesada y propuesta por las promoventes, mandando que dicho dominio se inscriba en el Registro de la Propiedad, sin limitación ni reserva de usufructo.—Resultando:   Que contra ese auto interpuso la representación de Doña María Ríos recurso de casación por infracción de ley, autorizado por los números 1.°, 2.° y 3.° del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringido el artículo 395 de la Ley Hipotecaria, por cuanto la información de dominio sólo puede promoverse cuando faltare título escrito del mismo, lo que no sucede en el caso de autos, toda vez que se ha justificado que las fincas de que se trata fueron adquiridas mediante título perfecto por Don José M.ª Ríos y Berríos, de quien las hubieron sus hijas Doña María y Doña Petronila Patricia, á virtud del testamento del mismo, habiendo adquirido Doña Manuela Gutman las suyas por herencia intestada de su difunto hijo Don José M.ª Ríos y Gutman; cuya infracción del artículo 395 también se ha cometido en el concepto de que, después de admitido el escrito de oposición de Doña María Ríos y aceptadas las pruebas tendentes á justificarla, no ha podido ser dictado el auto recurrido sin previa audiencia de todos

los interesados; auto que viene á ser incongruente con las pretensiones deducidas por Doña María, las que no han sido resueltas; aparte de que también ha sido errónea la interpretación dada al expresado artículo en el segundo considerando del auto recurrido, al negarse á Doña María Ríos el derecho de oponerse á la aprobación del expediente por el hecho de haberlo promovido, lo que no le quita su condición de parte interesada en el mismo.—Visto: Siendo ponente el Juez Asociado Don José C. Hernández.—Considerando: Que al aprobarse por el Tribunal de Distrito de Humacao la información de dominio propuesta por Doña Manuela Gutman y sus hijas Doña María y Doña Petronila Ríos, no infringió el artículo 395 de la Ley Hipotecaria en el concepto de ser aquélla inadmisible, por tener las promoventes título escrito de dominio, pues por más que la primera haya sido declarada heredera *ab intestato* de su hijo Don José Ríos y Gutman, y Doña María y Doña Petronila sean herederas de su padre Don José Ríos y Berríos, y las tres sean por tal razón partícipes en el condominio de los bienes pertenecientes á la herencia del difunto Ríos y Berríos, como no consta que esa herencia haya sido dividida no puede decirse que ni Doña Manuela, ni sus hijas tengan dominio sobre bienes determinados de la misma, pues la partición legalmente hecha es la que da ese dominio, según el artículo 1,068 del Código Civil.—Considerando: Que el Tribunal sentenciador admitió la impugnación hecha por Doña María Ríos al expediente de dominio y las pruebas que sobre ella propuso, y si bien dejó de dar cumplimiento á la regla 3ª del artículo 395 de la Ley Hipotecaria, preceptivo de que se oiga por escrito sobre las reclamaciones y pruebas que se hubiesen presentado al Ministerio Fiscal y á los demás que hayan concurrido al juicio, la infracción de ese precepto legal, en el supuesto de que fuera aplicable al caso de autos, como de carácter adjetivo ó procesal, nunca daría lugar á un recurso de casación por infracción de ley.—Considerando: Que aun en la hipótesis de que fuera errónea la interpreta-

ción que da la Sala sentenciadora al artículo 395 de la Ley Hipotecaria, cuando estima en uno de sus considerandos que Doña María Ríos no puede oponerse á la información de dominio, por haberla promovido en unión de su madre Doña Manuela y hermana Doña Petronila, sería improcedente la casación del auto recurrido, pues éste siempre se sostendría por el fundamento esencial y necesario del mismo, cual es la apreciación hecha por el Tribunal de Humacao de haberse justificado el dominio de los bienes de que se trata, sin limitación ni reserva alguna, cuya apreciación es indiscutible en casación por no haberse fundado el recurso en el número 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil.—Considerando: Que el auto recurrido guarda congruencia con las pretensiones deducidas por las partes y no otorga más de lo pedido, pues por él se accede á lo que Doña Manuela Gutman y sus hijas Doña María y Doña Petronila solicitaron en el escrito promoviendo el expediente de dominio, y se deniega la pretensión que después formuló Doña María por medio de su Letrado Don Juan F. Vías.—Considerando: En su consecuencia, que es improcedente el recurso por todos y cada uno de los fundamentos en que se apoya,—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto por Doña María Ríos y Gutman, á la que condenamos en las costas; y con devolución de los autos, comuníquese esta resolución al Tribunal de Distrito de Humacao á los efectos procedentes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á cuatro de Junio de mil novecientos dos.—Antonio F. Castro, *Secretario.*